FILED

AUG 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN ARMSTRONG; et al.,

      Plaintiffs - Appellees,

  v.

ARNOLD SCHWARZENEGGER; et al.,

      Defendants - Appellants.

No. 09-16716

D.C. No. 4:94-cv-02307-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted January 28, 2010
Pasadena, California

Before: REINHARDT, TASHIMA and BERZON, Circuit Judges.

    Defendants appeal a July 9, 2009 minute order concerning the modification

of local operating procedures for the provision of accommodations to hearing

impaired prisoners at individual institutions within the California Department of

Corrections and Rehabilitation. The scope of that order is unclear to this court.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plaintiffs characterize the order as simply directing plaintiffs and defendants to meet and confer to attempt to reach agreement as to such local operating procedures. The district court, in a "Finding of Fact" memorandum issued months after the original order, characterized the order in similar terms. *See Armstrong v. Schwarzenegger*, No. 94-2307 (N.D. Cal. Dec. 31, 2009). This court lacks jurisdiction to review interim orders in which the district court has not ordered relief but is, in essence, acting as a mediator, helping the parties to identify areas of disagreement and reach mutually acceptable compromises. *See United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1184-85 (9th Cir. 1995). Moreover, an order in which no prospective relief is ordered implicates neither the Prison Litigation Reform Act nor its need-narrowness-intrusiveness requirements.

Defendants, however, see the order quite differently. They contend that it obligated them to make radical changes in their policies and procedures, a contention for which they find support in the statements of the court at the July 9, 2009 hearing during which the order was initially discussed by the court and the parties. At that hearing, the district court made statements that could be interpreted as requiring the defendants to adopt in all of their institutions either the local operating procedures from the CDCR facility at Lancaster or other procedures that resolved certain deficiencies that the plaintiffs identified as present in the

2

procedures of most facilities.  An order requiring defendants to actually modify their policies to conform to certain requirements requested by the plaintiffs would be subject to both this court's appellate jurisdiction and the requirements of the PLRA.

The record before us is insufficient to determine whether the district court issued an order simply directing defendants to confer among themselves and with the institutions under their purview about the possibility of making certain modifications in the local operating procedures, and then to confer with plaintiffs to see if agreement could be reached; or an order requiring defendants to change their policies and procedures in the ways requested by plaintiffs.  We are mindful of the extraordinary efforts of the district court in this long and difficult litigation and are confident in its very able management of the complexities of this case. Accordingly, we vacate the order and remand to the district court to issue a clarified order consistent with this decision and the requirements of the PLRA, unless developments in the ongoing negotiations between the parties have rendered the issue moot.[1]

**VACATED and REMANDED.**

---

[1]Plaintiffs' motion to strike a portion of defendants' Reply Brief is denied. Appellees' motion to dismiss the case is denied as moot.